USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-5-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN WILEY & SONS, INC.,

       Plaintiff,       12 Civ. 0079 (PKC)

  -against-

                MEMORANDUM AND
                ORDER

MICHELLE WILLIAMS, NELLA
GERTSENZON, CHRISTIAN FIGORITO,
FAYE ALBUS, PRISCILLA REYES, AND
ISABEL CARRION,

       Defendants.
-----------------------------------------------------------x
P. KEVIN CASTEL, District Judge:

    Plaintiff, John Wiley & Sons, Inc. ("Wiley"), a publishing company, filed this action on January 5, 2012, alleging unnamed defendants illegally copied and distributed Wiley's "For Dummies®" books through the peer-to-peer file sharing software BitTorrent. (Compl. ¶ 1.) Plaintiff's complaint asserts copyright claims, trademark infringement claims, trademark counterfeiting claims, and common law unfair competition claims. (Compl. ¶¶ 18–35.)

    Pursuant to Rule 26(d), Fed. R. Civ. P., the Court issued an Order authorizing the issuance of subpoenas on certain Internet Service Providers ("ISPs") to determine defendants' identities based on their Internet Protocol ("IP") addresses. (Order, Jan. 11, 2012.) On April 25, 2012, Wiley amended its complaint, naming six defendants, including defendants Michelle Williams, Priscilla Reyes, and Isabel Carrion. (First Am. Compl. ¶ 6.) Defendants Williams, Reyes, and Carrion have failed to answer the Amended Complaint or appear in this case. Plaintiff now moves for orders granting default judgments against these defendants.

BACKGROUND

Plaintiff alleges Michelle Williams is liable for infringing the copyright of the work "Hacking For Dummies®," which has received United States Certificate of Registration No. TX 7-177-513. (Docket Nos. 23, 24.) Plaintiff personally served defendant Williams with copies of the summons and complaint on June 7, 2012. (Docket No. 15.)

Plaintiff alleges Priscilla Reyes is liable for infringing the copyrighted work "Web Design For Dummies®," which has received United States Certificate of Registration No. TX 7-380-128. (Docket Nos. 21, 22.) On June 8, 2012, plaintiff served defendant Reyes by personally delivering and leaving copies of the summons and complaint with a person of suitable age and discretion at her address. (Docket No. 14.)

Plaintiff alleges Isabel Carrion is liable for infringing the copyright of the work "Cooking Basics For Dummies®," which has received United States Certificate of Registration No. TX 7-304-681. (Docket Nos. 19, 20.) On June 11, 2012, plaintiff served defendant Carrion by personally delivering and leaving copies of the summons and complaint with a person of suitable age and discretion at her address. (Docket No. 13.)

Defendants Williams, Reyes, and Carrion have not appeared in this case and their time for answering has now expired. Clerk's Certificates of Default were issued on July 20, 2012 as to each of these defendants. (Docket Nos. 16–18.) Plaintiff now moves, pursuant to Rule 55, Fed. R. Civ. P., for orders granting default judgments against defendants Williams,

Reyes, and Carrion on its copyright infringement claims.[1] Plaintiff has complied with Rule 55 and Local Rules 55.1 and 55.2, as well as this Court's individual default judgment procedures.

DISCUSSION

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability" except damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also 8(d), Fed. R. Civ. P.

1. Copyright Claims

Plaintiff seeks to recover statutory damages, pursuant to 17 U.S.C. § 504, on its copyright infringement claims. Plaintiff requests $5,000 in damages for each defendant's copyright violation. (Docket Nos. 19, 21, 23.) The Copyright Act provides that plaintiff may pursue statutory damages "of not less than $750 or more than $30,000" per violation, which are awarded "as the court considers just." 17 U.S.C. § 504(c)(1). For willful violations, the statutory maximum is $150,000. 17 U.S.C. § 504(c)(2). The Court, in exercising its discretion to determine statutory damages, considers factors including "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010).

A defendant infringes willfully when she 1) is aware of the infringing activity, or 2) acts with "reckless disregard" or "willful blindness" toward plaintiff's rights as copyright holder. Island Software and Computer Servs., Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005). Courts in this circuit have also asserted that a defendant may be deemed a willful

---

[1] Plaintiff initially moved for orders granting default judgments on its copyright infringement and trademark counterfeiting claims. (Docket Nos. 19, 21, 23.) However, the Court later granted plaintiff's application to withdraw its trademark claim. (Order, October 25, 2012.)

infringer based on her default. See, e.g., Van Der Zee v. Greenidge, No. 03 Civ. 8659, 2006 WL 44020, at *3 (S.D.N.Y. Jan. 6, 2006) (Ellis, M.J.); Peer Intern. Corp. v. Max Music & Entm't, Inc., No. 03 Civ. 0996, 2004 WL 1542253, at *3 (S.D.N.Y. July 9, 2004) (Freeman, M.J.). While defendants have failed to contest this action, the Court need not decide if defendants acted willfully because plaintiff requests statutory damages well under $30,000 per violation.

The retail price of one "For Dummies®" title is significantly less than the statutory damages set out in 17 U.S.C. § 504(c) for a single act of infringement. Plaintiff does not allege that any defendant profited from her download. No resales have been alleged. However, due to the nature of BitTorrent peer-to-peer file sharing, defendants have facilitated further distribution of Wiley's copyrighted works. (Docket No. 20 ¶ 17; Docket No. 22 ¶ 17; Docket No. 24 ¶ 17.) "After completing a download, a BitTorrent user continuously distributes copies of the file to other peers until he or she manually disconnects from the software." (Docket No. 20 ¶ 17; Docket No. 22 ¶ 17; Docket No. 24 ¶ 17.) Such unlawful distribution threatens plaintiff's profitability. (First Am. Compl. ¶ 17.) The Court concludes that awarding plaintiff $3,000 in statutory damages from each infringing defendant is sufficient to compensate plaintiff and deter others from future infringement.

2. Injunctive Relief

Plaintiff seeks injunctive relief, asking the Court to enjoin defendants from future copyright infringement. Pursuant to the Copyright Act, the Court may grant injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff

4

and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); see also Salinger v. Colting, 607 F.3d 68, 78 (2d Cir. 2010) (noting the eBay standard applies to copyright injunctions).

Here, plaintiff has suffered an irreparable injury due to defendants' unlawful downloading of plaintiff's copyrighted works. Moreover, once a download is complete, "a BitTorrent user continuously distributes copies of the file to other peers until he or she manually disconnects from the software," thereby facilitating future infringement. (First Am. Compl. ¶ 15.) Monetary damages are insufficient to compensate for this injury because monetary damages will not prohibit future infringement. The only hardship defendants will suffer is the inability to engage in further unlawful activity. Further, a permanent injunction would not disserve the public interest; rather, it will protect copyrighted material and encourage compliance with federal law. Accordingly, defendants are enjoined from infringing the copyright of any of plaintiff's works with the words "For Dummies®" in the title.

CONCLUSION

Plaintiff is granted judgment in its favor on its copyright claims against defendants; all other claims are dismissed with prejudice. Plaintiff's motions for entries of default judgment (Docket Nos. 19, 21, 23) are granted. Plaintiff is awarded $3,000 in damages severally from each of the defendants, Williams, Carrion and Reyes. Defendants are permanently enjoined from the conduct and activities set forth herein, infringing any copyrighted work of plaintiff with the words "For Dummies®" in the title. The case is closed and all motions are terminated. The Clerk shall enter judgment.

SO ORDERED.

Dated: New York, New York
      October 26, 2012

                                                    P. Kevin Castel
                                        United States District Judge